Opinion by
Mr. Justice Day.
In paternity proceedings disposed of in the trial court under C.R.S. 1963, 22-6-1 to 7, following a jury trial, judgment was entered against the above-named Willie Noffsinger under which he was required to pay $75 per month to Nancy Sipes for the support of a child born to her.
As grounds for reversal of the judgment, Willie claims that (a) the statute is unconstitutional; (b) that the trial court did not appoint a guardian ad litem to adequately protect him during that portion of the proceedings when he was a minor; (c) that he should have been permitted to offer evidence of his good *415 reputation even though he admitted several sexual experiences with Nancy; (d) that the court erred in refusing to permit him to inquire into' the ability of Nancy to support the child; (e) that there was not sufficient evidence as a matter of law as to the income of Willie to support the amount of monetary damages; and (f) that the court erred in refusing certain instructions tendered by him.
All portions of the record pertinent to these contentions have been read. The briefs have been read and oral argument has been heard.
We are of the view that there is no merit in any of the points argued with the exception of (e) pertaining to the insufficiency of the evidence as to Willie’s ability to pay.
Under the authority of Yeager v. People, 116 Colo. 379, 181 P.2d 442, as announced by this court, on page 387 [4], evidence in this regard must not only be adduced but the ability of the man charged to pay must bear some relationship to the sum awarded. Here there was insufficient evidence in this regard upon which the jury could arrive at the sum assessed.
A brief comment is warranted as to (d). Evidence on this question is also important. The record does show, however, sufficient evidence as to Nancy’s job and her expenses in rearing the baby.
The judgment is affirmed as to the paternity and is reversed as to the damages awarded and the cause is remanded to the trial court with instructions to re-try the question' of damages to be assessed under the statute.
Mr. Chief Justice Moore, Mr. Justice Sutton and Mr. Justice Hodges concur.